FRANCIS DENMEAD, Trustee *vs.* EDWARD DENMEAD.

*Trustee's Commissions waived—Estoppel.*

A trustee, by waiving certain commissions allowed him by the decree
appointing him trustee, is not thereby estopped from claiming and
receiving commissions subsequently earned.

APPEAL from the Circuit Court of Baltimore City.
  On the 25th day of March, 1867, Edward Denmead
executed a deed, conveying all his property to his brother,
Talbott Denmead, in trust, to repay to the said Talbott
certain advances made by him, and from and after the re-
payment of such advances, then to hold said property and
receive the rents, issues and profits thereof for the sole and
exclusive use and benefit of the family of the said Edward,
to be applied to their maintenance and support, either by
payment of the net proceeds of the same to the wife of
said Edward, for her use and that of her family, or in such
other manner as to said trustee should seem most advisable.
Talbott Denmead accepted said trust, gave bond, and
upon his petition filed the 22nd of May, 1868, the Circuit
Court of Baltimore City assumed jurisdiction of the same.
Talbott Denmead, the trustee named in said deed, de-
parted this life on the 27th of March, 1876, and upon the

report and petition of his executors, and the recommendation of Edward Denmead, and Henrietta M. Denmead, his wife, Francis Denmead, another brother of said Edward, was appointed trustee in the place and stead of said Talbott, to carry out the trusts, and, as such, duly gave bond. The decree appointing him trustee, allowed him seven and a half per cent. commissions upon all his receipts.

Francis Denmead, the new trustee, immediately entered upon the discharge of his duties, made reports of his proceedings to the Court, and made investments of the principal of said estate as safe and profitable securities presented themselves. In the meantime he allowed six per cent. interest on all balances of principal remaining in his hands uninvested; and being desirous to retire from his trust, and preparatory to an application to that end, on the 31st of May, 1883, he filed his petition and report, with detailed statements of his receipts and disbursements, showing his management of said estate from the time of filing his previous accounts to the said 31st of May, 1883, and accompanied the same with a list of the property belonging to said trust estate. The report stated that whilst commissions on all investments made by the trustee, certain mentioned investments excepted, had been allowed to him, he had invariably paid said commissions over to his *cestui que trust,* and as a matter of fact he had never received one dollar of compensation for his duties and responsibilities as trustee.

On the 6th day of June, 1883, the auditor filed his report and two accounts marked respectively "Principal" and "Income," upon both of which the usual order *nisi* was passed. By the principal account, the trustee was allowed commissions at two and a half per cent. on $9,454.54, invested by him under orders of Court, amounting to $236.36. And by the income account the trustee was allowed commissions at seven and a half per cent. on his collections, amounting to $481.82, leaving a balance due to him of $801.69.

On the 15th day of June, 1883, Edward Denmead filed exceptions to the final ratification of the income account, and on the 20th day of June, 1883, he filed exceptions to the final ratification of the principal account. Testimony was taken, and on the 15th of September, 1883, the cause was argued, and on the same day orders were passed sustaining the exceptions to the allowance of the commissions. From these orders the trustee appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, RITCHIE, and BRYAN, J.

*Frank Gosnell,* and *Bradley T. Johnson,* for the appellant.

*Henry F. Greene,* and *William Reynolds,* for the appellee.

BRYAN, J., delivered the opinion of the Court.

By the order of the Circuit Court, passed on the 26th of June, 1876, the appellant was allowed a commission of seven and a half per cent. on all his receipts. The auditor's accounts, filed June 6th, 1883, allowed him such commissions, but the appellee excepted to the allowances, and these exceptions were sustained.

The appellant had an absolute right to these commissions by the terms of the decree, subject to be forfeited for causes which do not exist in this case. He had waived them in the accounts which had been stated previously to those in question. But this waiver was entirely a voluntary matter on his part. We find in the record no evidence which establishes a contract that he should relinquish them; and we do not wish to be understood as intimating that such a contract could be enforced in the face of the decree, by objections to the auditor's account. It is not necessary to decide this question. In the opinion of the learned Judge of the Circuit Court, the appellant was equitably estopped to claim these commissions by the

effect of the recommendation of certain persons, including the appellee, that the appellant should be appointed trustee to sell the property mentioned in the case of *Denmead vs. Denmead,* instituted in November, 1881; and by the decree of the Court making the appointment in accordance with the recommendation. This latter case originated, it will be seen, many years after the appellant's appointment in the present case. The recommendation states, among other things, that the persons who signed it have always understood, and do believe that Francis Denmead, (this appellant), while trustee for Jane Broadbent and Edward Denmead, has never received one dollar for his services as such; that the commissions, whenever allowed him, were passed over to said *cestuis que trust,* because of their needy circumstances, and that the management of said trusts have been gratuitous on his part, from beginning to end. And the decree of the Court appointed Francis Denmead trustee to make the sale. The recommendation states a number of reasons for this appointment; such as: that the proposed trustee was the representative of all the interests in the property except those held by three of the signers of the recommendation; that he was in possession of the property and thoroughly conversant with it; and that he was an eminently suitable and proper person for the trust. It sets forth, as a circumstance which ought to entitle him to the favorable consideration of the Court, the benevolence which he had shown in bestowing commissions previously earned on the necessitous *cestuis que trust.* The praise thus given to him was justly bestowed, and no doubt had its influence with the Court. But his bounty was entirely voluntary; and it by no means followed that, because he had given away commissions in the past, he was obliged to continue to do so in the future. He was still free to do as he chose with his own. His acceptance of the trusteeship could not be an equitable renunciation of commissions, which

might thereafter be allowed, unless it could be construed to be a contract with the Court to this effect. Trustees are appointed because of their fitness to perform their duties, and the commissions are the legitimate compensation for their services. It would be unprecedented and improper for the Court to exact from a trustee, as the condition of his appointment, a promise to make a pecuniary sacrifice. We certainly do not believe that such a thing was intended by the Court.

It has been argued that 'the appellant was delinquent in keeping a large sum of 'money uninvested, which belonged to the trust estate. But he regularly paid the estate six per cent. interest on the amount, and no safe investments could be made which would yield so much. The money was most abundantly secure in the appellant's hands, and the circumstances of the case satisfy us that he was acting from an honest purpose to promote the best interests of the *cestuis que trust*, and with no view whatever to his own advantage. The orders sustaining the exceptions must be reversed, and the auditor's accounts filed June 6th, 1883, must be ratified and confirmed in their entirety.

> *Orders reversed, and the auditor's accounts filed June 6th, 1883, ratified and confirmed, and cause remanded; the costs to be paid out of the fund in Court.*

(Decided 18th June, 1884.)