(Decided March 31st, 1903.)

---

## GARRETT S. DeGRANGE, Administrator, *vs.* HENRY C. DeGRANGE et al.

*Repairs Made by one Tenant in Common After Death of Co-Tenant—Promissory Note Delivered as a Gift not Enforceable Against Estate of Maker.*

When one tenant in common of real estate makes repairs upon it after the death of his co-tenant, his claim to be compensated therefor is not enforceable against the administrator of the deceased co-tenant.

A promissory note executed and delivered by the maker to the payee as a voluntary gift cannot be enforced against the estate of the maker after his death, because such a note is a mere promise, without consideration, to make a gift.

Appeal from the Orphans' Court of Frederick County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*H. Dorsey Etchison* (with whom was *Reno S. Harp,* on the brief), for the appellant.

*Wm. P. Maulsby, Jr.,* and *John S. Newman,* for the appellees.

SCHMUCKER, J., delivered the opinion of the Court.

Charles A. DeGrange, late of Frederick County, died intestate on August 6th, 1899, leaving a personal estate, consisting of $1,364.13 in cash, and seized of an undivided half-interest in a parcel of real estate. Letters of administration were granted on his personal estate to his brother, Garrett S. De-Grange, the appellant, who was also the owner of the other one-half interest in the parcel of real estate.

On September 25th, 1900, the appellant as administrator stated an *ex parte* administration account, in the Orphans' Court of Frederick County. By this account the money of which the estate consisted was applied first to the payment of the costs of administration and the balance, $1,072.50, was allowed *pro rata* to the intestate's creditors to whom it yielded a dividend of 74¾ per cent of their claims leaving nothing for distribution to the next of kin.

Among the claims on which this dividend was allowed, were three held by the administrator himself. Two of these were upon promissory notes for $500 each, drawn by the intestate to the order of the appellant dated respectively, May 11th, 1898, and July 5th, 1898, and payable six months after date. The other claim was an open account amounting to $111.94 for one-half of certain expenditures made by the appellant upon the parcel of real estate of which he and the intestate had been tenants in common.

After the filing of this account the appellees, who are two of the next of kin of the intestate, filed a petition in the Or-

phans' Court asking to have the account reopened and a new one stated disallowing the three claims set up against the estate by the appellant, the administrator, in his own favor. The grounds set forth in the petition were that the intestate never was indebted in his lifetime to the appellant, that the two promissory notes for $500 each were never given by the intestate to the appellant as his own property or with the intent to create an obligation to him on the part of the intestate, and that the intestate at the respective dates of the two notes did not possess sufficient mental capacity to intelligently dispose of his property and that if the notes had been in fact procured by the appellant from the intestate in his lifetime they were procured by undue influence practiced by the appellant on the intestate when he was too feeble to resist it.

The appellant answered this petition admitting that the intestate never was indebted to him in his lifetime upon the two notes, but insisting that they had been voluntarily delivered to him as and for his own property by the intestate on their respective dates "as a gift" and that the intestate by such delivery under the circumstances (which are not set out in the answer) surrounding the making of the notes "created an obligation on the part of the intestate, that he intended the gift of the amounts mentioned in said notes or single bills should pass to the said Garrett S. DeGrange." The answer further averred that the open account was just and true and was for labor and material furnished in the lifetime of the intestate with his knowledge and consent. It also denied the allegation of the petition that the intestate had not been in the full possession of all of his mental faculties and of sound and disposing mind when he made the gift of the two notes to the appellant.

A variety of proceedings in the Orphans' Court, including an order requiring the appellant to produce full proof of his claims against the estate, followed the filing the petition and answer. Much testimony was taken including the production of the two notes, which were ordinary promissory notes not under seal, and the evidence of witnesses as to the mental condition of the intestate when the notes were made and also as

to services rendered to him during his last sickness by the appellant. It appeared from this testimony that all of the $111.94, charged in the open account for expenditures made by the appellant on the real estate held in common by him and the intestate, except the sum of $11.57, was for repairs thereon made after the death of the latter.

When the issues made by the petition and answer finally reached a hearing, the Orphans' Court by the order from which the present appeal was taken rejected and disallowed entirely the claims of the appellant on the two promissory notes and rejected and disallowed his claim to be reimbursed one-half of his expenditures for repairs on the real estate except as to the $11.57 paid for repairs made during the lifetime of the intestate.

We think that by this order the Orphans' Court correctly disposed of the issue before it.

It is perfectly clear that the appellant had no claim upon the personal estate of his intestate for any part of the repairs made to the real estate after the death of the latter. The sole foundation of that claim was the fact that the repairs enured equally to the benefit of both tenants in common of the real estate, but after the death of the intestate his heirs at law, and not he, were the tenants in common with the appellant. If he has any claim to be reimbursed a portion of the money spent for those repairs it is against the heirs at law and not the personal estate of his deceased co-tenant and it cannot be asserted in this proceeding.

There is evidence in the record tending to show that the appellant from time to time rendered to the intestate such services as one brother might naturally be expected to perform for another, but the evidence does not connect the giving of the notes with those services or show that the former formed the consideration for the latter.

The appellant, in his sworn answer to the petition asking to have his claim against the estate on the two promissory notes disallowed, admits that the intestate was not indebted to him in his lifetime on the notes, and distinctly claims title to them

as having been voluntarily delivered to him by the intestate with the intention of making him a gift of the amount of money mentioned in them.     This answer was signed by counsel and was evidently deliberately drawn and no application has ever been made to withdraw it or to amend or modify its statements.

We are thus brought to the consideration of the question whether the voluntary delivery of a promissory note by its maker as a gift to the payee therein named to whom he is not indebted at the time constitutes a perfected gift of the note so as to enable the donee to collect the amount of it from the estate of the donor after his death.     No Maryland case bearing directly on this point has been cited to us but the almost unanimous voice of the authorities elsewhere answers the question in the negative.

"Things in action in which the donor himself is the debtor party cannot be the subject-matter of a valid gift.     The reason is that whatever be their form these gifts would amount to nothing more than the donor's own naked executory promise to pay at some future day without any consideration to support it, and such a voluntary promise cannot be enforced against the donor nor against his executors or administrators." *Pomeroy's Equity*, sec. 1148 and note. The same proposition with but slightly varying forms of expression has been asserted in the following cases. *In re Bartlett*, 163 Mass. 509; *Holmes v. Roper*, 141 N. Y. 64; *Kern's Estate, Griffin's Appeal*, 171 Pa. St. 55; *Smith* v. *Smith*, 30 N. J. Eq. 564; *Raymond* v. *Sellick*, 10 Conn. 480; *Tracey* v. *Alvord*, 118 California, 654; *Williams* v. *Forbes*, 114 Ills. 167.

The cases relied upon by the appellant to support his claim rest upon special circumstances not found in the present one and are not inconsistent with the doctrine asserted by those which we have cited. In *Feeser* v. *Feeser*, 93 Md. 716, the obligation in question was a due bill under seal, which imported a consideration, and it was held by the Court to amount in form to an admission by the intestate of an existing indebtedness from him to the party to whom he gave it.    In *Ross' Appeal*,

127 Pa. St. 10, the obligation was also under seal and was held for that reason to import a consideration and not to be a mere voluntary promise. In *Worth* v. *Case*, 42 N. Y. 362, and *Root* v. *Strang*, 84 N. Y. Sup. Ct., the obligations under consideration stated on their faces that they had been given in return for valuable services the nature of which was set forth in the instrument.

Although this Court has not heretofore determined the specific question whether a promissory note, which has passed purely as a gift from its maker to the payee named in it, can be enforced by the latter against the estate of the former after his death, it has several times had occasion to pass upon the rights of a donee of personal property or choses in action, of other persons than the donor, against the estate of the donor after his death. In such cases it has uniformly been held that unless the gift was perfected and the subject-matter of it passed out of the dominion of the donor and into that of the donee in the lifetime of the donor the gift was not perfected and the donee could not recover it from the estate of the donor. *Pennington* v. *Gittings*, 2 G. & J. 208; *Balto. Retort and Fire Brick Co.* v. *Mali*, 65 Md. 97.

The necessity for a delivery of the subject of the donation in such manner as to amount to a parting absolutely with the dominion, over the thing given, by the donor in his lifetime in order to make a valid gift, has been especially emphasized by this Court in the cases of attempted gifts of money of the donor deposited in savings banks. In *Conser* v. *Snowden*, 54 Md. 175, the donor who had money deposited in a savings bank gave to the donee an order on the bank for the payment to him of the money. A memorandum was added "the book must be sent with this order." At the same time the donor gave to the donee a written order on the custodian of the bank-book for its delivery to him. The donor died before the donee had procured actual possession of the bank-book. The gift of the money was held not to have been perfected and the donee was not allowed to recover it. The same principle under slightly differing facts was upheld in *Murray* v. *Cannon*, 41 Md. 466, and *Taylor* v. *Henry*, 48 Md. 550.

In *Whalen* v. *Milholland*, 89 Md. 212, a woman deposited money in a savings bank in her name " in trust for herself and M joint owners subject to the order of either the balance at the death of either to belong to the survivor" and the Court held that the making of the deposit in that manner constituted a complete and irrevocable trust of the money which was valid and enforceable by M after the donor's death although the latter had retained possession of the bank-book containing the entry of the deposit.   In other cases referred to in *Milholland's case* similar trusts of money in savings banks were upheld, but those decisions do not affeet the doctrine as applied to attempted gifts of money unaccompanied by a trust.

As was said in the cases cited in the earlier part of this opinion a promissory note given without consideration to a donee is but the voluntary promise of the donor to pay the money therein mentioned at a future date.   The donor does not part with the dominion over the money which is the real subject of the attempted or rather the promised gift.   The principle controlling the decisions of this Court in reference to attempted but imperfect gifts of money in savings banks when applied to the facts of the present case would require us, apart from the many cases we have cited from other Courts, to hold that the notes of the intestate in the hands of the administrator, who was the payee named in them, were properly disallowed by the Orphans' Court when the attempt was made to set them up as valid claims against the estate of their deceased maker. The order appealed from will be affirmed.

*Order affirmed with costs.*

(Decided March 31st, 1903.)

McSHERRY, C. J., dissented.