## WILLIAM D. JONES, Administrator, *vs.* CHRISTINA CRISP et al.

*Gift of Savings Bank Deposit to Take Effect on Death of Donor—Testamentary Disposition.*

A woman said to the teller of a bank that she wished to deposit a sum of money in the savings department in her name, and so that in the event of her death, it should be payable to one Jones. In the book of deposit then given to her, the entry was as follows: "Frederica Crisp, in case of death payable to E. Jones." Afterwards she gave the deposit book to Jones, accompanied by declarations showing her intention that he should have the sum so deposited upon her death. Under the rules of the bank, the money could not be paid without the production of the book. *Held,* that this transaction did not constitute a valid gift *inter vivos,* since the donee did not obtain control over the fund in the lifetime of the donor, and that it is not effectual as a gift to take effect upon her death, because not executed in the manner prescribed by law for a testamentary disposition.

*Decided Dceember 9th, 1908.*

Appeal from the Circuit Court No. 2 of Baltimore City (Gorter, J.)

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke, Thomas and Henry, JJ.

*Robert H. Smith,* for the appellant.

*J. Cookman Boyd* (with whom was *Frank V. Rhodes* on the brief), for the appellees.

Briscoe, J., delivered the opinion of the Court.

This is a bill of interpleader, filed on the 22nd of March, 1905, in the Circuit Court No. 2 of Baltimore City by the plaintiff against the defendants, for the purpose of establishing the ownership or title to a certain deposit of twenty-five hundred dollars deposited in the savings department of the Canton National Bank of Baltimore County.

The plaintiff bank disclaimed any claim or interest in the deposit, and on the 21st of June, 1905, under and by virtue of a decree of interpleader the bank paid the sum of $2,435.45 into Court, to the credit of the cause, to await the inquiry as to who is entitled to the fund.

The fund was claimed, first, by the plaintiff, now deceased, under the terms of the entry in the bank book of deposit, to wit, "Frederica Crisp, in case of death, payable to Evan Jones;" secondly, by the defendant, Virginia Lee Benton, under and by virtue of the provisions of the last will and testament of one Joseph Crisp, deceased; thirdly, by the administrators *d. b. n. c. t. a.* of Joseph Crisp, deceased, as the property of his estate, and, lastly, by the administrators of Frederica Crisp, as the property of the deceased intestate.

The case was heard upon bill, answers and proof, and the decree of the Court, passed on the 31st day of March, 1908, directed the fund to be paid to the administrators of the estate of Frederica Crisp as part of her estate.

The defendant, Evan Jones, having departed this life on the 5th day of May, 1908, after the date of the decree, his administrator, Wm. D. Jones, was subsequently made a party plaintiff, and from the decree passed on the 31st of March, 1908, he has appealed.

It will be noticed that no appeal has been taken from this decree by either Mrs. Virginia Lee Benton or the administrators of Joseph Crisp, and for the purposes of this appeal the deposit will be treated as the property of Mrs. Crisp at the date of the deposit by her. The learned Judge who decided the case below stated in his opinion that as to the claim of Virginia Lee Benton, "I do not think the evidence establishes the fact that the fund in question is part of the estate

of Joseph Crisp, and so impressed with a trust, as to justify me in intercepting it before it passes into the estate of Frederica Crisp. I leave any claim Virginia Lee Benton may have against Frederica Crisp personally, or as administratrix of Joseph Crisp, to be asserted against the estate of Frederica Crisp."

Coming then to the real question presented on the appeal, and that is, did the entry in the bank book of the Savings Department of the Canton National Bank of Baltimore County, "Frederica Crisp in case of death subject to the order of Evan Jones," constitute a valid gift of the fund in controversy to Evan Jones under the laws of this State?

The record in the case is quite a voluminous one, but as a large portion of the testimony has no bearing upon the question we are called upon to decide it will not be necessary for us to consider it on this appeal.

The essential facts are set out in the pleadings and proof, and briefly stated appear to be these: Frederica Crisp, widow, late of Baltimore City, deceased, departed this life on the 20th day of February, 1905, intestate, and without children. On the 15th of August, 1904, she opened an account with the Canton National Bank of Baltimore County, and deposited therein the sum of $2,500, the fund in question. The account was opened by the receiving teller of the bank, by her direction, and the following entry made on a book of deposit of the savings department of the bank: "Frederica Crisp, in case of death payable to Evan Jones."

This entry is in the handwriting of the teller of the bank, and the deposit book bearing the number of the account (No. 1502) was delivered to her. The teller (Mr. Bramble) testified that Mrs. Crisp was introduced to him by Mr. Evan Jones, who came to the bank with her, but was not present when the conversation took place between them at the time of the deposit. He further stated, "Well, she came in and asked to open this account, with $2,500, and as is the custom in a case of that kind I asked how she wanted the book opened, and she said *I want this opened in my name and in*

*event of death to be payable to Mr. Jones.* I opened it in that manner and the transaction was closed as far as we were concerned. I carried out her instructions to the letter."

There was testimony to the effect that Mrs. Crisp retained possession of the book of deposit until some time in October, 1904, about four months before she died, when she gave it to the plaintiff's intestate, and that the book was in his possession at the time of her death. There was also testimony as to certain declarations of Mrs. Crisp, made to members of the plaintiff's family, subsequent to the deposit, and in the presence of the plaintiff, to the effect: "All your father would have to do is to take the book down to the bank and have it transferred." "I am satisfied your father has as much money in the bank as I have."

Mrs. Jones, the wife of the plaintiff, testified that Mrs. Crisp brought the book to her house, asked her to get a piece of muslin, make a bag and sew the book in it. After complying with her request, she gave the book to her husband and he put it away, in the bureau drawer. The witness, Nellie Jones, testified, that after Mrs. Crisp came back from the bank she handed her the book and stated, "I want you to see how I have fixed the bank book." "I have put it in both names."

It also appears that one of the rules and regulations of the savings bank was, "Every person depositing shall be furnished with a book, in which the deposits and payments shall be entered; this book must be brought to the bank whenever a deposit is made or money withdrawn, that the transaction may be regularly entered thereon;" and that the bank would not pay out money deposited in the savings department without the production of the book.

Now, on this state of facts, the appellant contends that it was the clear intention of Mrs. Crisp to give the money in question to the appellant's intestate, and the delivery of the bank book to him, under the circumstances of the case, constituted a perfect and complete gift *inter vivos.*

The law controlling a gift *inter vivos* of deposits in savings

banks is well settled in this State, and it is clearly stated in *Taylor* v. *Henry,* 48 Md. 550, to be this: To make such gift perfect and complete, there must be an actual transfer of all right and dominion over the thing given by the donor, and an acceptance by the donee, or some competent person for him; and it is essential, to the validity of such gift that it should go into effect; that is, transfer the property at once and completely; for if it has reference to a future time when it is to operate as a transfer, it is but a promise without consideration, and cannot be enforced, either at law or in equity. Until the gift is thus made perfect, a *locus pœnitentiæ* remains, and the owner may make any other disposition of the property that he may think proper.

In the present case, the entry in the book of deposit was, Frederica Crisp, in case of death subject to the order of Evan Jones.

It appears, then, by the terms of the entry itself in the book of deposit that the fund here in question was to remain the property of the alleged donor during her life, and only in case of her death was it subject to the order of the donee. By this entry she not only retained the absolute control and dominion over it, but could have drawn it out of the bank during her lifetime and disposed of it at her pleasure. The transfer of the fund was not to take place "at once or completely," but it had reference to a future time when it was to operate; that is, in case of death of the donor.

In *Dougherty* v. *Moore,* 71 Md. 250, it is said: There is no case which decides that the donor may resume the possession and the donation continue, nor will the mere fact of possession in itself be sufficient; but it must appear that such possession was acquired with the consent of the owner, and with the intent on his part to relinquish all right and interest in the subject of the gift and making it the property of the donee.

Nor did the delivery of the book of deposit by the alleged donor, and the possession of it by the donee at the time of the death of the donor, under the facts and circumstances of this case, operate to make a valid and complete gift *inter vivos*

Md.]

of the fund in question. *Murray* v. *Cannon,* 41 Md. 477; *Whalen* v. *Milholland,* 89 Md. 207.

The delivery of the book of deposit in this case, with the entry thereon, "in case of death subject to the order of the donee," did not constitute a delivery of the money, because the delivery of the fund was limited "in case of death" of the donor. The possession of the book was entirely consistent with the form of the entry in the book, because the donee could not withdraw the money.

It is very clear, we think, that she did not intend to part with the possession and dominion over the property, and under all the decisions this is necessary to constitute a valid and perfect gift *inter vivos.*

While the donor here did not intend to relinquish her right to the fund in her lifetime, she did mean that in case of her death the donee should draw the funds then in bank. The entry, however, cannot operate as a testamentary disposition of the fund, because it is not executed as the law requires. *Taylor* v. *Henry,* 48 Md. 557; *Dougherty* v. *Moore,* 71 Md. 252.

Being of opinion, under the facts of this case, that there was no valid gift *inter vivos* of the fund here in controversy, the decree of the Court below will be affirmed.

> *Decree affirmed, the costs to be paid out of the fund by the administrators.*