HOPE H. BARROLL, Executor of John K. Aldridge, Deceased, *vs.* LIZZIE B. BRICE, Executrix of Ann E. Aldridge.

*Husband's estate in deceased wife's personalty; waiver; right of executor to sue. Acts of 1898, Ch. 33.*

Under the Acts of 1898, Chapter 33, Code of Public General Laws, Article 93, sec. 313, a wife can not, by will or otherwise, deprive her husband of his one-third share of her personal estate, as determined by the statute.        p. 502

The interest which a surviving husband is entitled to receive from his wife's estate is in no way dependent upon the wife's will, but is derived from her estate under the statute.    p. 502

Unless the husband, during his lifetime, relinquishes his rights, he is entitled to one-third of his deceased wife's personalty, after the payment of her debts, funeral expenses and the cost of the administration.        p. 502

Where the husband, during his life, made no claim for his distributive share of his deceased wife's estate, which he had not relinquished, his executor may sue her executor therefor.
p. 502

The mere fact of the husband having made no claim for his share is no proof of waiver.        p. 504

There can be no waiver unless the person against whom the waiver is claimed had full knowledge of his rights and of the facts which enable him to take effectual action for the enforcement of such rights.        p. 505

No one can acquiesce in a wrong while ignorant that it has been committed and that the effect of his action will be to confirm it.        p. 505

A waiver or acquiescence implies the abandonment of some right which can be exercised or renouncement of some benefit

or advantage which but for such waiver the party relinquish-
ing would have enjoyed.                                    p. 505

*Decided April 5th, 1911.*

Appeal from the Circuit Court of Kent County.

The cause was argued before BOYD, C. J., BRISCOE,
PEARCE, THOMAS, PATTISON and URNER, JJ.

*Frank Gosnell* (with whom was *Hope H. Barroll* on the
brief), for the appellant.

*Lewin W. Wickes* (with whom were *Redmond C. Stewart*
and *Carlyle Barton* on the brief), for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The question in this case, arises upon a demurrer to the
defendant's third and fourth pleas, to the plaintiff's declara-
tion.

The demurrer was overruled and upon the failure of the
plaintiff to plead over a judgment was entered by the Court
below in favor of the defendant on the demurrer. From the
judgment thus entered, this appeal has been taken.

The suit was instituted by the plaintiff, the appellant here,
as executor of John K. Aldridge, deceased, against the defend-
ant, executrix of Ann E. Aldridge, deceased, the appellee,
on this appeal, to recover a one-third interest of the personal
estate of the wife, claimed to be the share of the surviving
husband after the payment of her debts.

The facts upon which the decision must turn are stated
in the fourth and fifth counts of the declaration, and in the
third and fourth pleas thereto, and will be here set out.

The fourth count avers, that upon the death of Ann Eliza-
beth Aldridge it was found upon an account stated, that
certain money had been loaned by her to John K. Aldridge
in her lifetime, which with interest amounted to $4,444.23,

and of this sum, at the time, of his death her surviving husband was under the Code of Public General Laws of the State entitled to a one-third interest in $3,994.46, being the sum after deducting debts and costs of administration as shown by the defendant's supplemental administration account filed in the Orphans' Court for Kent county on March 8th, 1910, and demand was made upon the defendant and she declined to pay the same.

The fifth count states, that Lizzie Bell Brice, executrix of Ann Elizabeth Aldridge, unjustly detained from the plaintiff the distributive share of the plaintiff's testator in the estate of Ann Elizabeth Aldridge which has come into the defendant's hands, as shown by the supplemental distribution account in the Orphans' Court for Kent county on the 8th day of March, 1910.

And the plaintiff claims from Lizzie Bell Brice executrix, one-third part or distributive share of the sum which has come into her hands as executrix as belonging to the plaintiff's testator, to wit, the sum of $1,331.45 being one-third of the amount for distribution in said account, the same being the distributive share therein of plaintiff's testator.

The defence relied upon in the pleas to the declaration are set out in the third and fourth pleas, as follows: third plea, that Ann Elizabeth Aldridge, departed this life testate, leaving husband, John K. Aldridge and the defendant Lizzie Bell Brice, her only child and heir at law, surviving her, and that by the last will and testament of Ann Elizabeth Aldridge, no devise or bequest was made to her husband; that John K. Aldridge had knowledge of the contents of the last will and testament of his wife, before her death; that all the personal estate of his wife Ann Elizabeth Aldridge, except the fund mentioned in plaintiff's declaration, was distributed by Lizzie Bell Brice, executrix, according to the terms and provisions of the wife's last will and testament and by the authority of the Orphans' Court of Kent county and that John K. Aldridge consented thereto, and that during his lifetime and after the death of his wife, told Lizzie Bell

Brice that he owed the indebtedness mentioned in the plaintiff's declaration and that the fund was hers and requested her to permit him to keep it during his lifetime because it would embarrass him to pay the same, and the defendant consented so to do and that he, in his lifetime consented to the terms and provisions of the said last will and testament and made no claim or demand upon the defendant for his legal rights as surviving husband in the estate of his wife, nor did he assert his rights in said estate to the Orphans' Court of Kent county.

And for a fourth plea on equitable grounds, it is alleged that Ann Elizabeth Aldridge, departed this life testate in the month of March, 1906, leaving her husband, John K. Aldridge and her only child and heir at law, surviving her, and that by her last will and testament made with the consent of her husband, she made no bequest to her husband, but left her estate in substance as follows: to Ann Elizabeth Brice $1,000.00, to Isabella Brice $500.00, to Virginia Brice $500.00, to be held in trust until the youngest of them shall reach the age of 25 years, the income to be received, used and applied by Lizzie Bell Brice for her personal use until the youngest of them shall reach the age of 25 years and the residue of her estate to Lizzie Bell Brice absolutely, that shortly after the death of her mother Lizzie Bell Brice was granted letters of administration on her estate and distributed all of her estate, except the fund mentioned in the declaration in accordance with the provisions of the will, with the full knowledge and assent of John K. Aldridge and by the authority of the Orphans' Court. That at the time of the death of Elizabeth Aldridge, her husband owed her a debt which is the fund mentioned in the declaration and after the wif's death, the husband told the executrix that the debt belonged to her and he would pay the same, and the payment of the debt was extended because that Lizzie Bell Brice, was satisfied to let it remain in her father's custody, that the debt accordingly was not paid until after her father's death,

when it was collected from his executor. And that it is unjust and inequitable that the plaintiff should recover in this case.

Upon this state of facts, as disclosed by the pleadings, there can be no question, we think, that the appellant, as executor of the husband, was entitled to recover, of the executrix of the wife a one-third part of the fund, mentioned in the declaration, and he is the proper person to assert the claim thereto, by this suit.

The legal status of a surviving husband's interest in his wife's personal estate is fixed by the provisions of the Acts of 1898, Chapter 331, and the wife can not, by will or otherwise deprive her husband of his one-third share therein, as so determined by the statute.

By section 313 of Article 93 of the Code, it is provided, that the provisions of the preceding sections 297 to 312, both inclusive relating to the rights of widows in the estates of their husbands, shall apply to and be enforced in favor of surviving husbands, so as to give to, vest in, and confer upon surviving husbands, the same rights in the estates of their deceased wives, which said sections 297 to 312, both inclusive give to, vest in and confer upon widows in the estates of their deceased husbands.

In *Grabill* v. *Plummer,* 95 Md. 61, we said, that the interest which the surviving husband, was entitled to receive from his wife's estate was in no way connected with or dependent upon the wife's will, but was derived from and rested upon, the provisions of the statute.

There being no devise or bequest to the husband under the wife's will in this case he was entitled, upon the facts stated, on the pleadings to one-third of her personalty after payment of debts, funeral expenses and costs of administration, unless he in some proper way released or relinquished that right, in his lifetime. *Grabill* v. *Plummer,* 95 Md. 61; *Safe Deposit Co.* v. *Gittings,* 103 Md. 485.

In *Matthews* v. *Targarona,* 104 Md. 454, where a testator had failed to leave anything to his wife by the will, the Court said, it is not a question between a legacy to a widow, in lieu of dower and her thirds and other legacies, but it is purely and simply one of her rights under the law. As she was his wife at the time of his death she is entitled to one-third of his personalty after the payment of debts, etc. The right of the widow to one-third of her husband's personalty was established in this State in 1798, and has been the law here ever since, subject to certain statutory provisions. *Griffith* v. *Griffith,* 4 H. & McH. 101.

In the case at bar, there was no provision made for the husband in the wife's will and there being nothing in the will for him to renounce, upon her death, and by virtue of his survivorship, the husband's right to one-third of her personal estate, became his absolutely, under the Acts of 1898, Chapter 331.

But it is urged upon the part of the appellee, that the executor can not assert a claim for thirds in the estate of the predeceased wife, when his testator failed to assert it in his lifetime, and that the legal rights of the surviving husband in this case, were waived and released in his lifetime, and his executor is estopped from asserting it in this suit.

It will be borne in mind, that the claim, asserted here, is only for the husband's distributive share in that part of the personal estate of the wife, mentioned in the declaration and appearing in the final administration account of the appellee, as executrix of the wife.

The fund was a debt due by the husband to the wife's estate; and was paid by the appellant as his executor to the appellee, after the death of the husband, and distributed as a part of the wife's personal estate.

The property remained in the possession of the appellant's testator to the time of his death, and there is nothing in the acts of the husband, as stated in the pleas to defeat his absolute right to one-third of the personal estate here in question.

The fact that he made no claim to his share of the estate, under the first distribution account, is no conclusive proof of an intention not to claim, or evidence of a waiver of his interest in the wife's estate under the final administration account.

Nor do we find that his acts and conduct, as stated in the pleas, were such, as to operate as an estoppel upon his executor, from recovering the one-third share, embraced in the last account passed by the executrix and claimed under the plaintiff's declaration. He had an absolute right to one-third of the personal estate by law, and there is nothing upon the pleadings to show that he waived or forfeited this right.

In *Denmead* v. *Denmead,* 62 Md. 321, it was held, that a trustee, by waiving certain commissions allowed him by the decree appointing him trustee, was not thereby estopped from claiming and receiving commissions subsequently earned. The Court said, he had waived them in the accounts which had been stated previously to those in question. But this waiver was entirely a voluntary matter on his part. There is no evidence which establishes a contract that he should relinquish them. His bounty was entirely voluntary and it by no means follows, that because he had given away commissions in the past, he was obliged to continue to do so in the future. He was still free to do as he chose with his own.

We also, fail to find any evidence legally sufficient to bring the case within any of the reasons relied upon in the pleas, as grounds of defense, to defeat this action or to bring it, within the principle of the cases cited by the appellee.

In *Stackhouse* v. *Barnston,* 10 Vesey Jr. 466, Sir William Grant, Master of the Rolls, uses this language as to waiver (relied on here), it is difficult to say precisely, what is meant by that term, with reference to the legal effect. A waiver is nothing, unless it amount to a release. It is by a release or something equivalent only, that an equitable demand can be given away. A mere waiver signifies nothing more than an

expression of intention not to insist upon the right, which in equity will not without consideration bar the right any more than at law accord without satisfaction would be a plea.

And this Court, in *Dague* v. *Grand Lodge*, 111 Md. 103, in adopting the rule stated in 29 *A. & E. Ency of Law* 1093, said, waiver or acquiescence, "implies the abandonment of some right which can be exercised or the renouncement of some benefit or advantage which but for such waiver the party relinquishing would have enjoyed."

The general rule is that "there can be no waiver unless the person against whom the waiver is claimed had full knowledge of his rights and of facts which will enable him to take effectual action for the enforcement of such rights. No one can acquiesce in a wrong while ignorant that it has been committed and that the effect of his action will be to confirm it.

There is no proof, whatever upon the record, in this case that the appellant's testator with a knowledge of his rights in his wife's estate either waived or relinquished them, in so far as the claim here is asserted, under the final administration account.

There was no such transfer of his interest in the fund, as to operate, as a perfected gift and the defenses here set up, can not avail to bar the recovery by his executor. *Prince de Bearn* v. *Winans*, 111 Md. 434; *DeGrange* v. *DeGrange*, 96 Md. 614; *Balto. Retort & Fire Brick Co.* v. *Mali*. 65 Md. 97; *Jones* v. *Crisp*, 109 Md. 30.

As to the defenses of laches, estoppel and acquiescences advanced and set up in the pleas it is only necessary to say, they have no application to the facts of this case.

The appellant's testator was entitled as a matter of absolute right, to one-third of the fund here in dispute, and the record, as it now stands, discloses nothing to show that he released or forfeited this right. *Safe Deposit Co.* v. *Gittings* 103 Md. 485; *Grabill* v. *Plummer*, 95 Md. 61; *Prince deBearn* v. *Winans*, 111 Md. 434.

For these reasons, it follows that the plaintiff's demurrer to the defendant's third and fourth pleas should have been sustained.

The judgment for the defendant will therefore, be reversed and a new trial awarded.

> *Judgment reversed and new trial awarded, with costs.*