# ORPHANS' COURT OF BALTIMORE CITY.

Filed January 27, 1925.

## IN THE MATTER OF ESTATE OF MARY LOUISE REINHARDT, DECEASED.

*Wm. B. Smith* for petitioner.

*Geo. W. Cameron* for M. W. E. Dippel.

*C. W. Bryant* for Albert Reinhardt.

BLOCK, GAITHER and DUNN, JJ.—

This case comes up for hearing upon the petition of William B. Smith, executor of the will of the above named decedent in which he disputes and refuses to pay the bill rendered him by Martin W. E. Dippel, an undertaker, for the funeral expenses of the de-

ceased, including the cost of a cemetery lot in which she was buried, and prays that Albert Reinhardt, her surviving husband, be required to pay same, or that it be charged to him by the petitioner and deducted from his portion of her estate, and that the petitioner be not required to pay it out of the estate. Mr. Reinhardt was made a party respondent with Mr. Dippel. Both of the respondents answered the petition, the former by way of demurrer. The answers averring in substance that the estate is liable for the payment of the bill.

The decedent by her will directed that her funeral expenses be paid out of her estate and bequeathed her husband five dollars and a like amount to each of three of her children and another child, a daughter, Mrs. Theresa M. Worley, was made her residuary legatee.

The amount of the funeral bill is $454 and the value of the estate is about $2,279.31.

A married woman has the same right to dispose of her estate by will that a husband has—Code, Article 45, Section 4.

A surviving husband is entitled to share in his wife's estate as the surviving wife is in that of her husband and he cannot be deprived of this right by her will. Code, Article 93, Section 317.

In this case the husband renounces the legacy to him and elects to take his legal portion of the estate under the Act of 1922, Chapter 348, then in force.

On behalf of the petitioner it was argued that by reason of the renunciation, the wife died intestate as to him, thereby making him answerable for his common law liabilities, under Article 45, Section 21, of the Code, and therefore he should pay the funeral bill under the decisions of our Court of Appeals in the cases of Willis vs. Jones, 57 Md. 362, and Stonesifer vs. Shriver, 100 Md. 24.

It seems to be the settled law of this State that the renunciation of a surviving spouse does not affect the other terms of the will except as the devises and bequests may be diminished by the award to the spouse of his or her legal portion of the estate. Devecmon vs. Shaw, 70 Md. 227; Barroll vs. Brice, 115 Md. 498.

The renunciation of the husband puts him in the same position as he would be in the case where he is left nothing by the will.

The Court is without jurisdiction to order a husband to pay a funeral expense or to direct an executor to impound his share or any portion of it and apply same to such payment. The most we can decide is whether or not a funeral expense is payable out of an estate.

As to the payment of the $100 expended by the undertaker, it was certainly necessary that a burial place should be provided, and as the family did not possess such a place at the time of the death it was proper that it be purchased.

The title to the lot is now vested in Mrs. Worley, that it contains space for other graves and she being the residuary legatee ought not to complain and no one else could.

We are of the opinion that under the terms of the will, the funeral expenses including the $100 expended by the undertaker for the purchase of the cemetery lot is properly payable out of the estate, and the Court will sign an order accordingly.

Inasmuch as the executor under the conditions, had probable cause for the bringing of the action, and had the right to petition the Court for his guidance in the matter, we will order the costs of the proceeding be divided equally between the estate and the respondent Reinhardt.