CATHERINE POOLE, INDIVIDUALLY, AND CATHERINE
POOLE, ADMINISTRATRIX OF GEORGE W. POOLE,
DECEASED, AND MARY W. POOLE, AN INFANT,
BY HER MOTHER AND NEXT FRIEND,
CATHERINE POOLE,

*vs.*

EDWARD H. POOLE AND MARY POOLE, ALSO KNOWN
AS MARY E. POOLE, AND H. MILTON POOLE.

*Deeds: consideration; presumption as to bona fides of—. Husband and wife: property rights; husband's right to dispose of personal property. Parent and child: voluntary conveyances.*

The presumption of law is that a deed made for a valid consideration, however small, is valid and *bona fide.*        p. 389

A husband has the power to dispose of his personal property during his life, by sale or gift, although the transfer was made to defeat the claim of his wife, and such a deed will prevail against her.        p. 390

In the absence of fraud, incapacity or undue influence practiced upon the grantor, and where the rights of creditors are not involved, a voluntary conveyance between parent and child is valid.        p. 390

In such cases the burden of proof is upon those attacking the deed.        p. 390

*Decided December 13th, 1916.*

Appeal from the Circuit Court of Baltimore City. (DOBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Louis Hollander* and *Eldridge Hood Young,* for the appellants.

*Alfonso Von Wyszecki* and *Robert F. Leach,* for the appellees.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed on the 17th of July, 1915, by Catherine Poole, as widow and as administratrix of a certain George W. Poole, deceased, her late husband, and also as next friend of Mary W. Poole, their infant daughter, against Edward H. Poole, Mary E. Poole and H. Milton Poole to vacate and set aside a deed dated the 8th day of October, 1897, and also a series of other deeds, dated April 28th, 1915, conveying certain leasehold property, situate in Baltimore City to Mary W. Poole, the grantee, named in the deeds.

George W. Poole, the grantor in the deed dated October 8th, 1897, died intestate on the 30th day of April, 1911, leaving one daughter, and a widow, Catherine Poole, the plaintiffs below and the appellants on this record.

Mary E. Poole, widow, the mother of the intestate George and the grantee in the deeds in question is dead, having died since the decree in the Court below, but her testimony taken prior to her death as a witness in the case, is set out in the record.

The property conveyed by the deed of October 8th, 1897, consists of a one-third interest of the grantor in six leasehold lots of ground, situate in the City of Baltimore, and is described as being the same six lots of ground mentioned in a deed from Edward H. Poole, administrator of Henry Poole, to Mary Poole, his widow, Edward H. Poole and George W. Poole, sons of the intestate, as tenants in common. The value of the six lots, as returned by the administrator, in the inventory of the estate, is $6,300.

The principal contest arises upon the deed from George W. Poole dated the 8th of October, 1897, to Mary Poole, his mother, and the objections to the validity of this deed, are averred in substance in the fourth paragraph of the bill to be as follows: First, that while the deed purports to convey all the right, title and interest of the grantor in and to the six lots of ground, to the grantee, Mary Poole, his mother, for a consideration therein set forth of five dollars and other good and valuable consideration yet, notwithstanding the deed, George W. Poole, Edward H. Poole and Mary Poole, continued to use, occupy and enjoy the property, and the rents and profits therefrom as tenants in common. Second, that George W. Poole, grantor, never relinquished or intended to relinquish, but retained and had the use, benefit and advantage of an indefeasible undivided one-third interest, right and estate in and to the property as tenant in common with Mary Poole, widow, his mother, and Edward H. Poole, his elder brother, who fully recognized and treated the same as common property, each entitled to one-third undivided interest therein, and which one-third share at the death of George W. Poole, passed to his next of kin and personal representatives; and third, that the deed of the 8th of October, 1897, is void and in fraud of the rights of the wife and of her infant child, Mary E. Poole, in the property conveyed therein.

The deed here in question, it will be seen, is upon its face, an absolute conveyance, and expresses a consideration of five dollars and other valuable consideration. Upon its execution and delivery there was a complete transfer and assignment of the property mentioned therein to the grantee and the interest of the grantor became vested in her.

The presumption of law is, that a deed made for a valuable consideration, however small, is valid and *bona fide*. *Goodwin* v. *White,* 59 Md. 503; *Tyner* v. *Johnson,* 119 Md. 632; *Von Buchwaldt* v. *Schlens,* 123 Md. 406; *Jervis* v. *Jervis,* 127 Md. 133.

Was the deed in question in fraud of the rights of the wife, and of her infant child?

It has been frequently decided that a husband has the power to dispose of his personalty during his life by sale or gift, though the transfer was made to defeat the claims of his wife, and it will prevail against her. *Hays* v. *Henry,* 1 Md. Ch. 339; *Dunnock* v. *Dunnock,* 3 Md. Ch. 146; *Safe Dep. Co.* v. *Gittings,* 103 Md. 496.

In the recent case of *Brown* v. *Fidelity Trust Co.,* 126 Md. 185, this Court said, To hold that either a husband or wife has a vested interest in the other's personalty that the one is unable to divest in his or her lifetime, would be disastrous in the extreme to trade or commerce. Owing to commercial necessities, personalty must be left free for exchange, and to be so some one must be vested with full power to sell and transfer it free from any latent or contingent claims.

In the present case, the deed was executed and recorded, more than nineteen years ago, and more than seventeen years before the institution of these proceedings. The husband died on the 30th day of April, 1911, and these proceedings were brought four years after his death, and after the settlement of his estate, by his widow, as administratrix thereof.

There is no proof in the Record to impeach the deed upon the ground of fraud, incapacity or undue influence practiced upon the grantor, and as the rights of creditors are not involved, the deed would have to be sustained if required even as a voluntary conveyance between parent and child. The burden of proof required in such cases, has been met and fully discharged by the appellee. *Christopher* v. *Christopher,* 64 Md. 583; *Reed* v. *Reed,* 101 Md. 141; *Henry* v. *Leech,* 123 Md. 436; *Jervis* v. *Jervis,* 127 Md. 138.

The controlling facts of the case are these: George W. Poole, the grantor in the deed in the year 1897, married Catherine Mussleton, one of the appellants. The marriage proved to be an unhappy one, resulting in wrangles, dis-

agreements and a separation at times.   In order to secure the
property which he had obtained from his father's estate, and
described in the deed in question, to his daughter at his
death, he determined to convey and assign it, in his life-
time, to his mother, Mary Poole, and this was done, by the
deed of October, 1897.   And it not only appears in this case
that under the provision made by the grandmother, for the
infant daughter, the object and purpose of the conveyance to
the mother of the grantor, has been met and carried out, but
that the child will be more benefited by this arrangement than
if the contention made by the appellants should be sustained
and the deed set aside.

Nor do we find any proof or facts upon which the Court
could vacate and disturb the deeds, dated the 28th of April,
1915.

The object and purpose of these deeds were to convey and
transfer the properties mentioned therein, so as Mary Poole
could control the properties during her life, and afterwards,
it should vest in her son, Edward, and in her grand-daughter,
Mary W. Poole, absolutely, as set out in the deeds.

There is no evidence in the Record that any undue or
fraudulent influence was exercised over the grantor as to
either of these deeds.   She was of sound and disposing mind
and competent to make a valid deed or contract, and had
undoubted right and power to dispose of her property as she
deemed wise and right.

As the proof in this case does not measure up to the legal
requirements in cases of this character and being entirely
insufficient to support the allegations of the bill, the decree
of the Court below, in dismissing the plaintiff's bill, will be
affirmed.

In view of the conclusion we have reached, the rulings of
the Court upon testimony become immaterial and need not
be passed upon by us.

*Decree affirmed, with costs.*