HENRY COMBS AND ANNIE COMBS, HIS WIFE,

vs.

FRANK SCHARF, ADAM SCHARF AND PETER J. SCHARF.

*Validity of Deed—Mental Capacity—Payment of Consideration—Equity Jurisdiction—Giving Complete Relief.*

On an issue as to the validity of a deed to her daughter's children made by decedent four years before her death, reserving a life estate in decedent's favor, *held* that the evidence failed to show that it was procured by undue influence, the deed being, under the circumstances, a reasonable provision for members of her family, and not unfair to her son, by whom it was attacked.                              pp. 72, 73

A deed, intended as one of gift, made by a person mentally competent, and not as the result of undue influence, is not invalid because of the non-payment of a sum of money, named as a consideration but never intended to be paid.          p. 74

In a suit to set aside a deed by reason of mental incapacity and undue influence, defendants, though not in possession, could invoke the jurisdiction of the court to set aside a later deed of the same property by the same grantor to the plaintiffs, the court having authority to include in its decree a declaration as to the effect of its decision upon the later grant, in order that complete justice might be administered.          p. 74

*Decided March 15th, 1923.*

Appeal from the Circuit Court of Baltimore City (CARROLL T. BOND, J.).

Bill by Henry Combs and Annie Combs, his wife, against Frank Scharf, Adam Scharf and Peter J. Scharf to set aside a deed. From a decree for defendants, plaintiffs appeal. Affirmed.

The cause was argued before BOYD, C. J., THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Eldridge Hood Young* and *R. Walter Crothers,* for the appellants.

*A. DeR. Sappington* and *Frank B. Ober,* for the appellees.

URNER, J., delivered the opinion of the Court.

On January 2, 1921, Eliza Combs died, leaving as her heirs at law a son and the four children of a deceased daughter. The son, Henry Combs, is the sole beneficiary of a will of his mother, dated October 29th, 1918, which has been admitted to probate. On June 26, 1917, the testatrix had conveyed by deed to Frank, Adam, and Peter J. Scharf, sons of her deceased daughter, Rosa Scharf, a farm in the suburbs of Baltimore, containing about twenty-four acres, in which the grantor reserved a life estate. Nearly three years later Mrs. Combs executed a deed for the same property to her son Henry and his wife as tenants by the entireties. · The bill of complaint in this case was filed by Henry Combs and wife for the purpose of having invalidated, on the ground of mental incapacity and undue influence, the deed of June 26th, 1917, from his mother to her grandsons therein named, and a cross-bill has been filed by the defendants to have the subsequent deed, dated March 5th, 1920, in favor of the plaintiffs, decreed to be ineffective except as a grant of the life estate reserved to the grantor by the first conveyance. This appeal is by the plaintiffs from a decree dismissing their bill of complaint and granting the relief sought by the cross-bill.

The testimony in the record was produced by numerous witnesses and is quite voluminous. It could not be reviewed in detail within the proper limits of this opinion. But its general effect will be sufficiently stated to indicate the basis of our conclusion that the decree appealed from should be affirmed.

There is no evidence as to the circumstances under which the deed of March 5th, 1920, from Eliza Combs to the plaintiffs was executed. But with respect to the preparation and

execution of her deed of June 26th, 1917, to the defendants, the testimony is full and explicit. It was prepared by a lawyer, who carefully followed her independent and definite instructions. The ability of the grantor to understand the nature and effect of her deed is conclusively proved. While she was then about eighty-one years of age, she was still personally attending to her various interests. It was testified that she had certain hallucinations towards the close of her life, but the great preponderance of the disinterested testimony justifies the belief that she was mentally capable at the period under inquiry. The deed accomplished her expressed and natural desire to make such a provision for her grandsons, and the proof fails to sustain the charge that it was the product of undue influence. This charge was directed against her son-in-law, Peter Scharf, father of the grantees. He was associated, as coexecutor, with Mrs. Combs in the administration of her deceased husband's estate, and she was a visitor in his home at the period of this transaction, but he does not appear to have had, or to have attempted to exercise, any control over her judgment. He was not present at the execution of the deed, which occurred in the office of a notary and under the supervision of the lawyer by whom it had been prepared. It was read and explained to her and received her unqualified approval. By her direction it was at once recorded. Upon the proof we can have no doubt that the deed was the result of her own free and competent volition.

On the day of the execution of the deed to her grandsons, Mrs. Combs made a will in which she bequeathed $1,000 to her son Henry, with the accompanying statement that he had received from her more than his share of her estate during her lifetime. It was proved without contradiction that about two years after the date of this will he received from his mother the sum of $2,000. There is a dispute as to whether or not he obtained from her $2,800 additional. When the will was executed, Mrs. Combs had only a life

estate under her husband's will and the interests she had reserved for life, in the farm conveyed by the deed in controversy, and in a conveyance of another property in 1910 to her daughter and son-in-law, and a personal estate of approximately $5,500. Besides the bequest of $1,000 to Henry Combs, the will of his mother gave $500 to his son and the same amount to his daughter, $1,000 to another granddaughter, a child of Rosa Scharf, and $500 to one who had been treated as a granddaughter, though not so related, because of the fact, as the will explains, that she had been raised in the family. The residuary estate, estimated at the date of the will to be worth about $1,200, but which appears to have been exhausted by the subsequent gift to her son Henry, was bequeathed to Peter Scharf, her son-in-law. There is no reason to regard the dispositions made by the deed and will as being unfair to the son by whom the validity of the deed is disputed. The bequests to him and his children were substantial, although, as the testatrix states, he had already received more than his share of her estate, and notwithstanding the proven fact that she was aggrieved by his action in contesting his father's will and thus securing a settlement which subjected his mother to a considerable loss. The effect of her deed to the sons of her deceased daughter was to make a provision, subject to her life estate, for persons who would have been entitled to a large portion of her estate if she had died without a will. It was the declared purpose of the grantor, in conveying the farm to her grandsons by deed, to better protect them against litigation after her death in reference to the validity of the gift. In view of the conditions under which she made the conveyance, and of its relation to the division of her estate among the natural objects of her bounty, it would require strong and clearly preponderating evidence of incapacity or undue influence to justify a decree nullifying the deed on either ground. The record does not, in our judgment, contain such evidence.

The consideration stated in the deed to the appellees was the payment of the sum of ten dollars. Its receipt by the grantor is acknowledged in the deed, but there was proof that it had not actually been paid. It is clear that the deed was one of gift and that the recited consideration was only nominal. The validity of the conveyance being sustained as against the charge that the grantor was mentally incompetent and that it was procured by undue influence, it will not be invalidated merely because of the non-payment of a sum of money which it mentions as a consideration, but which was never intended to be collected. *Koogle* v. *Cline,* 110 Md. 587; *Poole* v. *Poole,* 129 Md. 387; *Thompson* v. *Corrie,* 57 Md. 197.

In the answer to the cross-bill the point is made that, as the parties by whom it was filed were not in possession of the property in litigation, they could not invoke the jurisdiction of the court to declare inoperative the deed of March 5th, 1920, from Eliza Combs to the appellants, and thus remove the cloud which it was supposed to cast upon the title previously conveyed by the deed which we have principally considered. The jurisdiction primarily invoked by the plaintiffs in the suit attached to the subject of the title to the farm described in the deed which was sought to be annulled. The cross-bill is also concerned with that subject. It attacks the later deed on the ground of undue influence, but proposes that in any event its effect be held to be limited to the conveyance of the life estate reserved by the grantor in her deed to the appellees. This was the necessary consequence of the adjudication that the earlier deed was valid, and the court had authority to include in its decree a declaration as to the effect of its decision upon the later grant in order that complete justice in the case might be administered. *Hooper* v. *Central Trust Co.,* 81 Md. 559; *Jenks* v. *Clay Products Co.,* 138 Md. 551; *Linthicum* v. *Wash., B. & A. R. Co.,* 124 Md. 263; *Aetna Indemnity Co.* v. *Railway Co.,* 112 Md. 397; *Shipley* v. *Fink,* 102 Md. 219; *Young* v. *Diedel,* 141 Md. 670.

*Decree affirmed, with costs.*