## SARAH E. STURGIS *v.* CITIZENS NATIONAL BANK OF POCOMOKE CITY ET AL.

*Trust in Bank Deposit—Validity—Gift by Husband—Rights of Widow—Fraud.*

A deposit to the order of A and B, in trust for both, subject to the check of A, balance payable to the survivor, could be changed by direction of A so as to make it subject to the check of either A or B, by a mere entry in the bank ledger, accepted by both A and B, without the use of a check or a pass-book entry.
pp. 657, 658

A gift of a bank deposit may be validly made by placing it in the names of the donor and donee, in trust for both as beneficiaries, balance to go to the survivor, although the donor alone retains control of the fund.            pp. 658, 659

That one making a gift of a bank deposit by placing it in his own and the donee's name, in trust for themselves, the balance payable to the survivor, retains the right to check against it and control of the pass-book, does not detract from the legal effectiveness of the gift.                        p. 659

The test of the completeness of a gift is the same whether the executor of the donor or his widow attacks it.        p. 659

A husband has an unqualified right to make a gift of personalty during his life, even for the purpose of depriving his wife of any share therein at his death, provided only he reserves no right or dominion as regards the property given, otherwise than as trustee.                                    pp. 659, 660

That the husband reserves a right or dominion as trustee over personalty given by him, while consistent with a fully completed gift, might properly be considered in connection with other facts to determine whether there has been a fraudulent use of the form of a gift.                        p. 660

Fraud in such a gift, as against the wife, must be made out by clear and satisfactory proof, and it is not the province of a court to strain the evidence in order to establish it.        p. 660

*Decided March 23rd, 1927.*

Appeal from the Circuit Court for Worcester County, In Equity (DUER, J.).

Bill by Sarah E. Sturgis against the Citizens National Bank of Pocomoke City, in its own right and as executor of John T. M. Sturgis, deceased, and Montrue Burnett Foulke. From a decree for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James M. Crockett,* with whom was *J. Shiles Crockett* on the brief, for the appellant.

*L. Paul Ewell, William H. Price,* and *John W. Staton,* with whom were *Joseph Handler* and *Staton & Whaley* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

This appeal brings up for review a decree denying the relief prayed in a bill by the appellant, a widow, to annul an attempted gift by her husband in his life time, by the deposit of a fund in form of a trust for himself and a grandniece, and for the survivor. The gift is attacked as invalid on three grounds: because of informality in its creation, particularly in a change made from an earlier form of deposit to the final one without withdrawal and redeposit, and with only a change of entry on the bank ledger; because this final form, however adopted, would not be sufficient in law to create the trust attempted; and because the deposit in trust, even if good in form, was only a pretended, colorable gift, resorted to for the purpose of defrauding the wife of her rights in so much of her husband's assets after his death. The wife renounced a legacy under a will left by the husband, and brought the bill in her own name against the depositary and holder of the fund, and the executor, which were one and the

same corporation, and against the grandniece named in the gift.

The husband and wife, who had been married many years, were estranged from 1910 to 1920, and during that period he lived mostly with a sister for whom he had much affection, in a house owned by him, while the wife continued to live where both had previously lived, in a house owned by herself.   There were no children or descendants, and the husband's next of kin at that time were this sister and her two granddaughters.   His sister could not see, and in order to assure having her taken care of, he had given her a portion of his property, upon her making a will to leave it to him in case she died first.   She did die in 1919, and her brother again took title to the property.   In 1920 the husband and wife agreed to resume living together.   And at or about the time of his going back to her house, on May 4th, 1920, he made a will in which he left one-third of his property, both real and personal, to his wife, if she survived him, and the residue upon two carefully framed trusts for his grandnieces. He had at that time $40,000 or more on deposit at the Citizens National Bank of Pocomoke City, and on May 5th, 1920, he called upon the officers of the bank, to whom he usually looked for advice and for care of his affairs generally, told them he wanted to make arrangements to assure his nieces receiving a certain amount of money, and asked if he could not accomplish this by leaving a check to their order to be paid at his death.   The cashier of the bank told him he could only make deposits in trust for them; and, this being explained, Mr. Sturgis accepted that method.   The deposit was made, on a form then generally used by this bank:

"J. T. M. Sturgis and M. B. Foulke, in trust for both, joint owners, subject to the order of John T. M. Sturgis, the balance at the death of either to go to the survivor."

Shortly after this, the officers of the bank became doubtful of the effectiveness of this form, and called their depos-

itors who had made use of it to come in and make a change; and Mr. Sturgis consented that another form recommended should be adopted for the deposits here in question. No check was drawn on the fund in the one form to redeposit it in the other; the change was made by an entry in the bank ledger only. And the form there entered was:

"J. T. M. Sturgis and Montrue B. Foulke, in trust for both, joint owners, subject to the check of either, balance at the death of either to go to the survivor."

There was a pass-book made out in the first form, and put among the donor's papers regularly kept at the bank, but it was not changed, and was not taken out until the depositor's death in 1925. He never drew any money from the deposits so made. At the time of making the will and the deposits, Mr. Sturgis appears to have spoken freely to the bank officers and others of his purpose, saying he wanted his wife to have her share, but he did not want it to go to members of families to which she was related—which would seem to refer to the legacies to the wife only in case she survived him. It is quite clear that the legal effect of the form of deposit adopted was fully explained to the donor, and especially that he was told that Mrs. Foulke could draw the money at any time; and quite clear that he deliberately adopted the legal consequences of the form of gift he was attempting to make. No signature card was ever procured from Mrs. Foulke. The fund merely lay untouched, accumulating interest, until the death of Mr. Sturgis. The wife did not learn of it until after his death.

The donor was struck by a motor truck and killed, in 1925. At that time he had an estate of from $40,000 to $50,000 in value, over and above the two bank deposits in controversy.

The objection to the gift for informality in its creation, we have not found well taken. It does not seem essential to the change of the title to the deposit that the depositor go through the form of withdrawing and redepositing it by

checks. A trust of personalty may be created and proved by parol. *Stone v. Nat. City Bank,* 126 Md. 231, 238; *Taylor v. Henry,* 48 Md. 550, 560. The depositor here had full power to make the change, clearly intended that it should be made as it was made, and so expressed himself; and checks could have added nothing but written evidence of the transaction with which both parties were satisfied as it was. And so with the objection that the final entry was not made on a pass-book, either the old one or a new one, as well as on the ledger. Both parties accepted the ledger entry and were bound by it, and that completed the change. The use of checks and a pass-book entry might have been better in practice, for the clear, written evidence of the transaction it would provide, but the law does not require that evidence. See *Smith v. Darby,* 39 Md. 268, 278.

A second objection made is that the naming of both beneficiaries as trustees, in the entry of title to the deposit, renders the trust invalid, because by making the trustees and beneficiaries identical a trust between them has been rendered impossible. In the case of *Stone v. Nat. City Bank,* 126 Md. 231, this Court upheld as a valid gift a deposit: "In account with Sarah Hunter or Sara R. Heincman, in trust for both, joint owners, subject to the order of Sarah Hunter," etc.; and so far as the question in this case is concerned, there seems to be no essential difference between a deposit in the name of one trustee or the other and a deposit in the name of one and the other. The trust provision made use of in these deposits, as an alternative to delivery of the subject-matter of the gift (*Milholland v. Whalen,* 89 Md. 212), is nothing more than a declaration that, despite the retention of control by one of the beneficiaries, it is in the interest of both that the property is held. While it may be illogical to declare that both hold in the interest of both, when only one holds control of the fund, it seems to be none the less a clear and effective declaration that the donor no longer holds or controls it except in the joint interest, and the sufficiency of such a declaration, as an alternative to delivery,

in making the gift, is all we are concerned with.  We see no
reason to hold the gift ineffectual because of the use of both
names as trustees, rather than one.  No other objections
have been made to the completeness of the gift in form, and
we see none, either to form or to validity, unless it could be
found that the donor made use of the form of gift as a pre-
tence and shield of fraud.  The retention by the donor of
such control as this form of transaction gives him, together
with control of the pass-book, has been held in many cases
on such deposits to be insufficient to detract from the com-
pleteness and legal effectiveness of the gift.  *Milholland v.
Whalen,* 89 Md. 212; *Stone v. Nat. City Bank,* 126 Md. 231.
The attacks in those cases have been made by executors of
the estate of the donors, but the test of completeness does not
differ when a widow sues directly.  In either case, the attack
is primarily on behalf of the estate.  And a complete gift
is complete as to all persons, putting aside any question of
the right of creditors to vacate even a complete gift, with
which this case is not concerned.

The final contention, and the chief one in the case, is that
the deposit, even if sufficient in form, was only a pretended
or colorable gift, resorted to for the purpose of defrauding
the wife of her rights in so much of her husband's assets at
his death.  Some preliminary reference to the principles
involved is desirable.  The gift attacked is not one of real
property in which the wife has dower rights, it is one of
personalty; and a husband has an unqualified right under
the law to make gifts of such property during his life.  No
interest of the wife can interfere with such a gift.  Moreover,
the husband is free to make the gift for the purpose of de-
priving the wife of any share in that property at his death;
no right or interest of hers can interfere with the gift made
for that purpose, or with that motive, any more than a gift
with any other purpose or motive.  "If the disposition by
the husband be *bona fide,* and no right is reserved to him,
then, though made to defeat the claim of the wife, it will be
good against her, because an act cannot be denounced as

fraudulent which the law authorizes to be done.    But if it be a mere device or contrivance, by which the husband, not parting with the absolute ·dominion over the property during his life, seeks, at his death, to deny his widow that share of his personal estate which the law assigns to her, then it will be ineffectual against her." *Hays v. Henry,* 1 Md. Ch. 337. "It is not enough to show that the conveyance, assuming it to be without a valuable consideration, was made to defeat the claim of the wife; that the law allows the husband to do by gift, so far as his personal estate is ·concerned, provided there be no right reserved in himself, and it is not a mere fiction, by which, not divesting himself of the dominion over his property during his life, he attempts after his death to deprive her of her distributive share thereof." *Dunnock v. Dunnock,* 3 Md. Ch. 140, 147; *Rabbitt v. Gaither,* 67 Md. 104, 111. Perhaps it is well to reiterate that the references in these cases to reservations of right or dominion in the husband do not mean that such reservations to him as trustee prevent a gift being complete as to the wife; they might properly be considered in connection with other facts to determine whether there has been a fraudulent use of the form of gift, but, as has been seen, they are consistent with a fully completed gift.    In considering whether there has been a fraud on the wife, "here, as in every other case, where fraud is charged or imputed, it must be made out by clear and satisfactory proof, and it is not the province of a court to strain the evidence in order to establish it, even in aid of the favored claim of dower." *Rabbitt v. Gaither, supra.*

As has been said, it is clear from the evidence that Mr. Sturgis deliberately adopted this form of gift, had the legal consequences explained to him fully, and intended to adopt those consequences.    It was clearly his desire and intention to make a legally effective gift to the grandniece on this form, and if there is any defect or failure it is contrary to his purpose.    He must have contemplated that it might reduce the total fund in which his wife would share at his death, for that would be the obvious consequence of any gift; but

he had a right to deprive his wife of so much of his funds by a complete gift. His intention having been, then, to make what the law has declared to be a valid, effective gift, and the form being, as we find, sufficient, we agree in the conclusion of the trial court that fraud which might justify setting it aside has not been shown.

*Decree affirmed, with costs to the appellees.*