ESTHER LEVIN *v.* LOUIS LEVIN ET AL.

[No. 19, January Term, 1934.]

*Decided February 28th, 1934.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Solomon Hirschhorn,* with whom was *Louis J. Sagner* on the brief, for the appellant.

*Ellis Levin,* for the appellees.

PARKE, J., delivered the opinion of the Court.

The amended bill of complaint of Esther Levin against her husband, Louis Levin, and Nathan Levin, his son by a former marriage, was demurred to by the defendants, and the demurrer was sustained by the chancellor, and the bill of complaint dismissed. The appeal of the plaintiff presents for consideration these facts. The plaintiff married Louis Levin on September 10th, 1929, and they separated about

July 1st, 1932, because of the cruelty of the husband. On August 4th, 1932, suit was begun by the wife against the husband for divorce *a mensa et thoro*, alimony, and counsel fee. The decree was entered on May 11th, 1933, divorcing *a mensa et thoro* the plaintiff from her husband, and awarding to the plaintiff as permanent alimony the sum of ten dollars a week and $300 as counsel fees, and the costs. The husband declined to pay the allowance for counsel fees, and has paid the alimony in part, and to this extent only after the plaintiff had presented his failure to the court and obtained the aid of its process. Within six or seven days after the separation of the spouses, the husband, who knew that his wife was about to institute proceedings against him either for a divorce *a mensa et thoro* or for separate maintenance and support, as she actually did on August 4th, 1932, granted unto his son, Nathan Levin, the unencumbered leasehold interest of the said husband in an improved lot of land in Baltimore City, which is subject to an annual ground rent of seventy dollars, and which the husband occupies as his home.

The bill of complaint further alleges that the grant was without valid consideration, and divested the grantor of all his property; that the grantee had full knowledge of all the facts and circumstances of the separation of his father and the plaintiff; that the grant by the father was fraudulent and in prejudice of the marital rights of his wife, and that her stepson accepted the grant to him purely for the purpose of prejudicing and defrauding the wife of her marital rights in her husband's estate, and with the knowledge that the assignment was fraudulent, and made solely for the purpose of hindering and delaying the wife in asserting her right to maintenance and support from her husband.

Upon these allegations, which were admitted by the demurrer, the plaintiff prayed for the annulment of the deed from the father to the son, and an injunction against the grant or incumbrance of the leasehold interest pending the proceedings; and for general relief.

A decree for alimony is a debt within the meaning of the statute of Stat. 13 Elizabeth, chapter 5, which relates to the setting aside of conveyances in fraud of creditors; and is clearly within the scope of the Uniform Fraudulent Conveyance Act, Code, art. 39B. *Feigley v. Feigley,* 7 Md. 537, 561; *Livermore v. Boutelle,* 11 Gray (Mass.) 217; Code, art. 39B, Secs. 1, 6-7, 10, 11.

So, a conveyance made by the husband in anticipation of the wife's proceedings for divorce, or for alimony without divorce, and to prevent her from obtaining alimony, is fraudulent, and may be set aside unless the purchaser took in good faith, without notice, and for value. Code, art. 39B, secs. 1, 10; *Feigley v. Feigley,* 7 Md. 537, 561-562. See *Sanborn v. Lang,* 41 Md. 107, 113, 114; *Collins v. Collins,* 98 Md. 473, 483-484, 57A. 597; *Shepherd v. Shepherd,* 196 Mass 179, 81 N. E. 897; *Crowder v. Crowder,* 125 Va. 80, 99 S. E. 746; *Bailey v. Bailey,* 61 Me. 361. See report of *Sims v. Sims,* 150 Okla. 138, 300 Pac. 692, in 79 A. L. R. 414. for an extensive annotation at pp. 421-434, and particularly at pp. 423-428, for cases in support of the text, and, also, annotations in 64 A. L. R. at pp. 496-499.

A distinction is here to be observed and taken between the rights of a widow, and those of a wife who through the wrongful marital conduct of her husband becomes entitled to a divorce, and asserts her marital rights by a suit for alimony or for a divorce with alimony, in order that she may have a separate maintenance by her husband. The right of a widow in her husband's estate is on a different basis from that of a wronged wife, whose relation is that of a *quasi* creditor, when she is engaged, or about to engage, in establishing an unliquidated claim against her husband in the form of alimony, as was pointed out in *Sanborn v. Lang,* 41 Md. 113, 114, and, formerly, in *Feigley v. Feigley,* 7 Md. 537, 561.

With this distinction in mind, it is clear that the averments of the bill state a cause of complaint in terms sufficiently precise, certain, and clear to require an answer. See

*Lipskey v. Voloshen,* 155 Md. 139, 142, 143, 141 A. 402; *Feigley v. Feigley,* 7 Md. 539.

The question here is on demurrer. The proof must meet the averments of the bill of complaint, and establish that the assignment of the leasehold estate was with the actual intent of defeating the rights of the wife to the prospective alimony.

In conclusion, it should be noted not only that the court is confined to the consideration of the particular, and, for the purpose of the demurrer, the admitted, facts set forth in the bill of complaint, but also that the opinion is not concerned with that line of cases where the rights of the widow in the husband's estate are at issue, or where the controversy does not involve the rights of the wife as a creditor or *quasi* creditor of the husband, as in the case of alimony decreed or rightfully claimed and to be ascertained by decree. The rule that an absolute gift in good faith of personalty by a husband, during the joint lives of himself and his wife, is not a fraud on the right of a wife to share in his personal estate at his death, even though made by the husband with the wilful purpose of depriving his wife of this right at his death and affecting his capacity to afford sustenance to her during their joint married life, as is illustrated by a number of decisions (a), is not before the court on this record.

(a) Fraudulent intent not shown. *Dunnock v. Dunnock,* 3 Md. Ch. 140, 147; *Brown v. Fidelity Trust Co.,* 126 Md. 184, 94 A. 523; *Poole v. Poole,* 129 Md. 387, 99 A. 551; *Kernan v. Carter,* 132 Md. 577, 104 A. 530; *Sturgis v. Citizens' Nat. Bank,* 152 Md. 654, 137 A. 378; *Whitehill v. Thiess,* 161 Md. 657, 137 A. 378. Fraudulent intent sufficiently established: *Hays v. Henry,* 1 Md. Ch. 337; *Sanborn v. Lang,* 41 Md. 107; *Rabbitt v. Gaither,* 67 Md. 105, 8 A. 744; *Collins v. Collins,* 98 Md. 473, 57 A. 597; *Duttera v. Babylon,* 83 Md. 544, 35 A. 64; *Jaworski v. Wisniewski,* 149 Md. 109, 120, 131 A. 40.

> *Decree reversed, with costs of appeal to the appellant, and cause remanded.*