SAMUEL B. BRYAN ET AL. *v.* FRANKIE WILSON

[No. 72, October Term, 1936.]

*Decided January 14th, 1937.*

422

The cause was argued before BOND, C. J., URNER, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Benjamin Michaelson*, for the appellants.

*Emanuel E. Ottenheimer*, with whom was *Frankie Wilson* on the brief, for the appellee.

JOHNSON, J., delivered the opinion of the Court.

This is an appeal from a decree passed by the Circuit Court for Anne Arundel County, in equity, setting aside a conveyance made by Samuel B. Bryan and Florence J. Bryan on October 10th, 1935, to William Walter Roberts, to the extent necessary to satisfy appellee's claim, any surplus remaining thereafter to be paid to Roberts. The bill of complaint, upon which the decree was founded, alleges that the conveyance was made by Bryan and wife to Roberts fraudulently and for "simulated and pretended considerations," also that it was made to "hinder, delay and defraud" the plaintiff, a creditor of the Bryans. The defendants answered, denying the material allegations of the bill and asserting that the conveyance was made "for valuable considerations represented by money loaned and money paid" by Roberts to Bryan and wife, and for other expenditures made by the grantee on their behalf. Under the provisions of section 278 of article 16 of the Code, testimony on behalf of the parties was taken orally in open court before the chancellor, and, except as to the value of the property in question, there is little dispute upon the facts.

On October 6th, 1925, the Bryans executed to Frederick W. Loos and wife a note for $2,000, secured by a second

mortgage upon four lots on Kramme Shores, Anne Arundel County, which mortgage and mortgage note were by Loos and wife assigned to appellee on October 2nd, 1935, at which time the debt secured thereby had been due for approximately five years. On the following day, the assignee instituted an action at law in the Circuit Court for that county against Bryan and wife upon the mortgage note, and on December 20th, secured judgment against them upon that obligation for $2,350, while, in December of the same year, the first mortgage upon that property was foreclosed and brought an amount insufficient to settle the same. Another parcel of land, containing one and nine-tenth acres, owned by Bryan and wife, located near Pumphrey Station in the same county, was unencumbered, and this property was conveyed by the Bryans to Roberts, a son of Mrs. Bryan, by deed dated and executed on October 10th, 1935. It is the last-mentioned conveyance which is here attacked. The grantors, as well as the grantee, testified that the consideration for this conveyance, which in the deed is stated as "natural love and affection and other good and valuable considerations," was represented by certain cash loans made by the son to the mother between August, 1933, and the date the deed was signed, and, while no memorandum was made as to the dates nor amounts of such loans, the Bryans, as well as Roberts, fix their aggregate at from five hundred to six hundred dollars. The grantee, who denied any knowledge that the Bryans were indebted to plaintiff, took no part in arranging to have the deed prepared, and was not present when it was executed, although he testified that in August, 1935, his mother told him that his stepfather had suggested deeding the property to him. Appellee in no manner called upon Bryan and wife for settlement prior to bringing the suit, and, although the sheriff's return shows that they were both summoned on October 7th, they each denied having been summoned until October 11th, the day after the deed was executed. Moreover, the attorney who prepared the deed testified that Mrs. Bryan, on October 3rd, which is the same day

424

the suit was filed, spoke to him about the matter, and, as he was then quite busy he told her to return with her husband a few days later and the deed would be ready.

The pertinent sections of article 39B of the Code, and 13 Stat. Eliz., chapter 5, and the decisions of this court thereunder relative to conveyances of this character, were so exhaustively reviewed in an opinion by Judge Parke in the late case of *Drury v. State Capital Bank*, 163 Md. 84, 86, 161 A. 176, as to render unnecessary further reference to the decisions, and upon that authority it may be stated that, even though the conveyance here under consideration was made by Bryan and wife, with intent to hinder, delay, and defraud their creditor, and notwithstanding further that its effect was to leave them without any resources to pay her claim, these facts are insufficient to justify the decree appealed from, if the transfer was made for a full and valuable consideration, this being a circumstance sufficient to protect an innocent grantee, whose equity is regarded as superior to that of a general creditor, and this is true, notwithstanding the consideration for the conveyance passed to the grantors anterior to the execution of the conveyance. However, the rule last stated is qualified to the extent that the value of the transferred property must represent a fair equivalent to the debt satisfied, and in this connection, mere disparity between the real value of the property conveyed and the consideration for the conveyance does not constitute such inadequate consideration as to justify setting aside the deed entirely, unless the disparity is sufficient to justify an inference of fraud. Such disparity must, however, be so glaring as to satisfy a court of equity that the conveyance was not *bona fide*, but, when this is satisfactorily established, the conveyance will, at the suit of the creditor of the grantors, be set aside to the extent of his claim. See also, *Levin v. Levin*, 166 Md. 451, 171 A. 77; *Marcus v. Hudgins*, 168 Md. 79, 80, 176 A. 271; *Union Trust Co. v. Resisto Mfg. Co.*, 169 Md. 381, 382, 181 A. 726; Code, art. 39B, sec. 3 (a) and (b).

Notwithstanding the nonexistence of any records of the loans from Roberts to Mrs. Bryan, and that their testimony fixing the aggregate of the same from five hundred to six hundred dollars was largely a surmise, the chancellor apparently accepted those figures as authentic. However, he further found that this consideration represented such great disparity with reference to the fair value of the property as to justify setting aside the conveyance to the extent of the creditor's claim, and with that conclusion we agree. While, for purposes of state and county taxation, the land alone was assessed at only $190, appellee, who for ten years had been dealing in real estate in that section, testified that in her judgment it was worth $8,400, exclusive of a bungalow located thereon, which she valued at $500. One of appellants also valued the bungalow at four hundred or five hundred dollars, but made no estimate as to the value of the land, and Samuel B. Bryan, although failing to place any estimate upon the value of the land, testified that he once made an unsuccessful attempt to dispose of it to a Mr. Price for $3,000. While it is our opinion that the estimate made by appellee as to the value of the property is entirely too high, we conclude from the evidence that its fair value is in excess of $2,000, and this sum, even if the testimony given by Roberts and his mother as to the loans can be deemed to have been satisfactorily established, is so greatly in excess of the consideration for the conveyance as to justify the decree appealed from.

Appellants reserved a group of exceptions to the action of the trial court in sustaining objections to a line of questions by which they sought to inquire as to the consideration actually paid by appellee for the transfer by Loos and wife of the second mortgage and mortgage note. These rulings were correct, as appellants had previously admitted the indebtedness by their answer. *Miller's Equity Proc.* paragraph 154; *Hitch v. Fenby,* 4 Md. Ch. 190; *McKim v. Thompson,* 1 Bland, 150.

*Decree affirmed, with costs to appellee.*